ADOPTION OF HOWARD[1] (and two companion cases[2]). May 1, 1987.
*Adoption,* Dispensing with parent's consent.

1. On June 6, 1986, decrees were entered in a Probate Court dispensing with the need for consent of the mother of two boys to their adoption for reasons fully stated in the findings of the probate judge based upon evidence which he regarded as clear and convincing. We affirm those decrees essentially on the basis of the judge's findings and rulings, which refer to and incorporate by reference earlier findings and rulings in Juvenile Court proceedings permanently committing both minors to the Department of Social Services (DSS). The probate judge's findings are amply justified by (a) a long history of extremely bizarre, erratic, obsessive behavior by the mother of the minors, and of hospitalizations of her in various institutions, and (b) expert testimony considered by the probate judge. The minors' maternal grandmother testified in support of the DSS petitions. The alleged biological father of each minor did not become a party. The mother testified at the hearing before the probate judge, and he had full opportunity to observe her.

2. The mother on October 29, 1986, filed in this court a motion (pro se) for leave to take a late appeal from the judge's decrees of June 6, 1986. This motion was granted on October 31, 1986, by a single justice, who also denied reconsideration of his action, when counsel for DSS first learned of it about November 5, 1986. In an affidavit supporting her motion, the mother asserted that she had learned of the probate judge's decisions of June 6, 1986, only during September, 1986, because a friend who was supposed to forward her mail had not transmitted the decisions to her. Doubtless the circumstance that she was acting without counsel (one was appointed for her on October 29), and stated that she had not received copies of the decisions of June 6, influenced the granting of the late appeals. Because we affirm the decrees ordered by the probate judge on the merits, there is no necessity for any decision whether there was any abuse of discretion in granting permission for a late appeal.

3. Counsel for the mother now contends that DSS moved with undue rapidity to carry out the adoptions of each minor. The adoptions were

---

[1] The names of children used in this rescript opinion are fictitious.

[2] One companion case is the mother's late appeal from the decree of the probate judge dispensing with the need for her consent to the adoption of Brian, another son. The second companion case is an appeal by the Department of Social Services from the order of a single justice of this court allowing the late appeals by the mother from the decrees ordered by the probate judge dispensing with the need for her consent to the adoptions.

granted on August 22, 1986, seventy-seven days after June 6, without any knowledge by DSS, so far as shown by this record, that the mother (through her friend's failure) had not heard of the June 6 decisions. We hold that, at least in the circumstances of this case, the prompt action of DSS in proceeding to remove the uncertainties about the future for the adopting parents and for the minors is to be commended. See *Custody of a Minor*, 389 Mass. 755, 764 (1983); *Custody of Two Minors*, 396 Mass. 610, 611 n.2 (1986).

4. The decrees of June 6, 1986, dispensing with the mother's consent to adoption of each minor, are affirmed. As a consequence the appeals from the orders of the single justice granting and (on reconsideration) continuing his permission for a late appeal need not be decided and those appeals are dismissed.

*So ordered.*

*Dennis J. Brennan* for the mother.

*Jura Strimaitis* (*Gerald O. Hicks* with her) for Department of Social Services.